Richard S. Mandel (rsm@cll.com)
Meichelle R. MacGregor (mrm@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
*Attorneys for Plaintiff MLB Advanced Media, L.P.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MLB ADVANCED MEDIA, L.P., <br><br> Plaintiff, <br><br> v. <br><br> ALLIED PACIFIC SPORTS BASEBALL NETWORK LTD., <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff MLB Advanced Media, L.P. ("MLBAM" or "Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Defendant Allied Pacific Sports Baseball Network, Ltd. ("APSN" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This action arises out of APSN's material breach of a license agreement between MLBAM and APSN (the "Agreement").

2. More specifically, and as set forth below, pursuant to the Agreement, MLBAM granted APSN rights to certain MLB content via interactive media and wireless devices. Defendant has materially breached its obligations under the Agreement by failing to pay

the license fee pursuant to the Agreement, and, despite having been provided ample notice and opportunity, has failed to cure such breach.

## PARTIES

3. MLBAM is a limited partnership organized under the laws of the State of Delaware with its principal place of business at 75 Ninth Avenue, New York, New York 10011. Its general partner is MLB Advanced Media, Inc., a Delaware corporation with its principal place of business at 75 Ninth Avenue, New York, New York 10011.

4. On information and belief, APSN is a British Virgin Islands corporation with its registered office located at Commence Chambers, Box 2208, Road Town, Tortola, British Virgin Islands.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2).

6. This Court has personal jurisdiction over Defendant by virtue of its transacting, doing, and/or soliciting business within the State of New York and/or its commission of acts inside and outside of New York that have an effect within this State.

7. Venue is proper within this district pursuant to 28 U.S.C § 1391(a), (c) and (d).

8. In the alternative, this court has personal jurisdiction over Defendant, and venue is proper, pursuant to the Agreement. Agt. ¶ 29(l).

## THE AGREEMENT

9. MLBAM is the Internet and interactive media company of Major League Baseball. MLBAM manages and operates the official league website, www.MLB.com, and each

of the official Major League Baseball Club websites (e.g., www.mets.com and www.yankees.com) to create the most comprehensive Major League Baseball resource on the Internet.

10. APSN describes itself as "Asia's largest provider of live and on-demand sports over the Internet, with a broadcast territory covering 28 Asian countries. APSN delivers live and on-demand broadcasts of Major League Baseball, English Premier League football, the German Bundesliga football, Brazilian League football, Mexican Premier League Football, the Copa Libertadores, and other premium international football leagues from Europe and the Americas, and other sports including golf, racquet sports, American football, basketball, ice hockey, cricket, rugby, motorsports, and fighting sports. APSN operates Chinese, Korean, Japanese, Vietnamese, and English language websites for these sports, which are available across Asia and throughout the world."

11. On or about January 1, 2010, MLBAM and APSN entered into the Agreement, pursuant to which MLBAM granted APSN, among other things, rights in various Asian-Pacific territories (the "Territory") to certain Major League Baseball content via interactive media and wireless devices.

12. APSN used the rights MLBAM granted in connection with offerings on various websites.

13. In exchange for the rights and license granted by MLBAM to APSN in the Agreement, APSN agreed, among other things, to pay MLBAM a license fee (the "License Fee"), according to a schedule. Agt. ¶ 5.

14. On or about June 1, 2010, MLBAM and APSN entered into the First Amendment to the MLBAM-APSN License Agreement (the "First Amendment"). The First Amendment extended the term of the Agreement. First Amendment ¶ A.

15. In addition, the First Amendment increased the License Fee, payable according to a schedule. First Amendment ¶ B.

16. APSN failed to make a payment pursuant to the schedule set forth in the First Amendment. *Id.* at B(b).

17. Pursuant to the First Amendment, for any late payment, APSN was obligated to pay to MLBAM interest. *Id.* ¶ B(i).

## APSN'S BREACH OF THE AGREEMENT

18. APSN has breached and/or failed to comply with its obligations under the Agreement and First Amendment. APSN has failed and/or refused to cure such breach despite having been provided with proper notice and opportunity to do so by MLBAM.

19. In material breach of Paragraph B(b) of the First Amendment, APSN has failed to pay the portion of the License Fee due to MLBAM pursuant to the schedule set forth in the First Amendment. Consequently, such payment, plus accruing interest, remains due and owing to MLBAM.

20. MLBAM sent APSN a formal written notice of default on August 9, 2011.

21. APSN failed to cure its breach.

22. MLBAM had the right to terminate the Agreement if APSN failed to make any payment as set forth in this Agreement and APSN failed to cure such breach as set forth in the Agreement.

24478/013/1275526.3

23. As a result of APSN's breach, MLBAM terminated the Agreement in accordance with its terms, by written notice to APSN dated November 16, 2011.

24. Consequently, the remainder of the License Fee, plus interest, became due to MLBAM immediately. APSN has not paid the remainder of the License Fee due to MLBAM.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

25. Plaintiff repeats and realleges each and every allegation set forth in the proceeding paragraphs as if fully set forth herein.

26. The Agreement is a valid and enforceable contract.

27. MLBAM has performed all of its obligations under the Agreement.

28. APSN has failed to pay the License Fee to MLBAM pursuant to the schedule set forth in the First Amendment.

29. Despite having been provided ample notice and opportunity, APSN has failed to cure such breach.

30. As a result of the foregoing breach, MLBAM has been damaged in an amount to be determined at trial, but not less than $20,500,000, plus interest.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

31. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. At APSN's behest, MLBAM granted licenses to and performed services on behalf of APSN under the reasonable expectation that APSN would pay MLBAM for such licenses and services.

24478/013/1275526.3

33. APSN has been unjustly enriched at the expense of MLBAM and it would be inequitable and against good conscience to permit APSN to retain those benefits without compensating MLBAM for the reasonable value of the licenses and services MLBAM delivered to APSN.

34. MLBAM is entitled to recover from APSN the reasonable value of the foregoing licenses and services in an amount to be determined at trial, but not less than $20,500,000, plus interest.

### THIRD CLAIM FOR RELIEF
**(Quantum Meruit)**

35. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. During the term of the Agreement, MLBAM performed services for APSN in good faith under the reasonable expectation that APSN would pay MLBAM for such services.

37. APSN accepted the services from MLBAM and has benefited thereby.

38. By reason of the foregoing, MLBAM is entitled to the reasonable value of its services in an amount to be determined at trial, but not less than $20,500,000, plus interest.

24478/013/1275526.3

WHEREFORE, Plaintiff prays for a judgment awarding MLBAM:

(1) an amount to be determined at trial, but not less than $20,500,000, plus interest.

(2) its reasonable attorneys' fees, costs and disbursements; and

(3) such other and further relief as the Court deems just and proper.


Dated: December 14, 2011  
      New York, New York

Respectfully submitted,

COWAN LIEBOWITZ & LATMAN, P.C.

By: _____  
Richard S. Mandel (rsm@cll.com)  
Meichelle R. MacGregor (mrm@cll.com)  
1133 Avenue of the Americas  
New York, New York 10036-6799  
Tel: (212) 790-9200  
Fax: (212) 575-0671

*Attorneys for Plaintiff MLB Advanced Media, L.P.*

24478/013/1275526.3